# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1336V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |
| SHANE BARRON, SCOTT BARRON, | * | Chief Special Master Corcoran |
| and NICOLA BOUGHTON, Co-Executors, | * | |
| on behalf of RONALD J. BARRON, | * | Filed: July 2, 2024 |
| Deceased, | * | |
|                 Petitioners, | * | |
| | * | |
|        v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
|                 Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Zachary J. Hermsen*, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.

*Alec Saxe*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 20, 2022, Petitioners Shane Barron, Scott Barron, and Nicola Boughton, as co-executors of the Estate of Ronald J. Barron ("decedent"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners allege that decedent suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of receiving influenza ("flu") vaccines on October 10, 2019, and/or November 5, 2019.[3] Moreover, Petitioners allege that decedent experienced residual effects of this injury for

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] The decedent also received a pneumococcal conjugate vaccination on November 5, 2019.

more than six months.

Respondent denies that any of the vaccines decedent received on October 10, 2019, and November 5, 2019, caused him to suffer from CIDP, or any other injury or condition. Respondent also denies that the vaccines caused his death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on July 1, 2024) that the issues before them could be settled, and that a decision should be entered awarding Petitioners compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $90,000.00 in the form of a check payable to Petitioners, as Co-Executors of the Estate of Ronald J. Barron.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

SHANE BARRON, SCOTT BARRON, and
NICOLA BOUGHTON, Co-Executors,
on behalf of RONALD J. BARRON,
Deceased,

                Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 22-1336V
Chief Special Master Brian H. Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioners Shane Barron, Scott Barron, and Nicola Boughton, as co-executors of the Estate of Ronald J. Barron ("decedent"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to decedent's receipt of influenza ("flu") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Decedent received flu vaccinations on October 10, 2019, and November 5, 2019.[1]

3. The vaccinations were administered within the United States.

4. Petitioners allege that decedent suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of receiving the October 10, 2019, and/or November 5,

---

[1] The decedent also received a pneumococcal conjugate vaccination on November 5, 2019.

2019 flu vaccines, and that he experienced the residual effects of this injury for more than six months.[2]

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on decedent's behalf as a result of decedent's condition.

6. Respondent denies that any of the vaccines decedent received on October 10, 2019, and November 5, 2019, caused him to suffer from CIDP or any other injury; and further denies that the vaccines caused his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. §300aa-15(a):

> A lump sum of $90,000.00 in the form of a check payable to petitioners, as Co-Executors of the Estate of Ronald J. Barron.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

---

[2] Petitioners do not allege that decedent's death, on February 12, 2022, was related to his alleged vaccine injury.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that petitioners presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representatives of decedent's Estate under the laws of the State of Iowa. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing petitioners' appointment as legal representatives of decedent's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as legal representatives of decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities, and as co-executors of the Estate of Ronald J. Barron, on their own behalf, and on behalf of the Estate and decedent's heirs, executors, administrators, successors, or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all

3

demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting from, or alleged to have resulted from, the vaccinations administered on October 10, 2019, and November 5, 2019, as alleged by petitioners in a petition for vaccine compensation filed on or about September 20, 2022, in the United States Court of Federal Claims as petition No. 22-1336V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the October 10, 2019, and/or November 5, 2019 vaccines caused decedent's alleged CIDP or any other injury or decedent's death.

18. All rights and obligations of petitioners hereunder in their capacity as co-executors of the estate of Ronald J. Barron, shall apply equally to their heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

PETITIONERS:

_____
SHANE BARRON

_____
NICOLA BOUGHTON

_____
SCOTT BARRON

**ATTORNEY OF RECORD FOR PETITIONERS:**

_____
ZACHARY HERMSEN
Whitfield & Eddy, P.L.C.
Hub Tower
699 Walnut Street, Suite 2000
Des Moines, IA 50309
Tel: (515) 288-6041
Email: Hermsen@whitfieldlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.06.06 16:29:23 -04'00'
for
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

Dated: July 1, 2024

**ATTORNEY OF RECORD FOR RESPONDENT:**

_____
ALEC SAXE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-7722
Email: alec.saxe@usdoj.gov