# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-1336V

* * * * * * * * * * * * * * * * * * * * * * * *

SHANE BARRON, SCOTT BARRON, and NICOLA BOUGHTON, Co-Executors, on behalf of RONALD J. BARRON, Deceased,

Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: August 13, 2024

*Zachary J. Hermsen*, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.

*Alec Saxe*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 20, 2022, Petitioners Shane Barron, Scott Barron, and Nicola Boughton, as co-executors of the Estate of Ronald J. Barron ("decedent"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that decedent suffered from Chronic Inflammatory Demyelinating Polyneuropathy as a result of influenza ("flu") vaccines administered on October 10, 2019, and/or November 5, 2019.[3] The parties stipulated to a resolution of the case in Petitioners' favor, and I issued a decision awarding them compensation. *See* Decision, dated July 2, 2024 (ECF No. 31).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] The decedent also received a pneumococcal conjugate vaccination on November 5, 2019.

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated July 23, 2024 (ECF No. 34) ("Mot."). This is Petitioners' sole fees and costs request. Petitioners request $51,364.21 in attorney's fees and costs ($44,168.00 in fees, plus $7,196.21 in costs) for the work of attorneys Zach Hermsen, Esq., and Bryn Hazelwonder, Esq., at the Whitfield & Eddy Law Firm. Mot. at 2. Respondent reacted to the fees request on August 1, 2024. Response, dated Aug. 1, 2024 (ECF No. 37) ("Resp."). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioners did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of $51,364.21.

I.      Calculation of Fees

Because Petitioners' claim was successful, they are entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for their attorneys and support staff, based on the years work was performed:

2

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| **Zach Hermsen (Attorney)** | $255.00 | $295.00 | $330.00 | $350.00 | $400.00 |
| **Bryn Hazelwonder (Attorney)** | -- | $195.00 | $220.00 | $250.00 | $325.00 |
| **Ashley Charnetski (Attorney)** | -- | -- | $330.00 | -- | -- |
| **Paralegal** | -- | -- | -- | $100.00 | -- |

ECF No. 34-10 at 1–18.

Mr. Hermsen and his colleagues practice in Des Moines, Iowa—a jurisdiction that has been deemed "in forum," and thus entitling them to rates commensurate with what was established in *McCulloch*. *Freie v. Sec'y of Health & Hum. Servs.*, No. 18-175V, 2021 WL 4077016 (Fed. Cl. Spec. Mstr. Aug. 9, 2021). The rates requested for work performed through the end of 2023 are reasonable and consistent with prior determinations, and will therefore be adopted. *See K.G. v. Sec'y of Health & Hum. Servs.*, No. 18-120V, 2023 WL 2770914 (Fed. Cl. Spec. Mstr. Apr. 4, 2023). As for the newly-requested 2024 rates specific to Mr. Hermsen and Ms. Hazelwonder, I also find these rates appropriate in light of the Office of Special Masters' fee schedule[4] and the attorneys' overall experience and experience in the Program. Ordinarily, year-to-year rate increases should be consistent (*i.e.*, the rate increase amount should be the same as in prior years), but the newly-requested rates are justified overall herein. I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Aug. 13, 2024).

3

Petitioners seek $7,196.21 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of one expert, Lawrence Steinman, M.D. ECF No. 34-10 at 19. Dr. Steinman submitted an invoice reflecting a retainer fee for a total amount of $5,500.00 charged to the matter. The amount billed is reasonable, and I am presented with no other reason to deny this expert-associated cost. Accordingly, all requested costs will be awarded.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, and award a total of **$51,364.21**, reflecting $44,168.00 in attorney's fees and $7,196.21 in costs, in the form of a check made jointly payable to Petitioners and their attorney, Mr. Zach Hermsen.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.